J-S74010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE HOPPER | |
| Appellant | No. 461 EDA 2016 |

Appeal from the PCRA Order February 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1302284-2006

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 14, 2016**

This is an appeal from the order of the Court of Common Pleas of Philadelphia County dismissing Appellant Tyrone Hopper's petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely filed. PCRA appellate counsel filed a petition to withdraw, claiming there are no non-frivolous issues to raise on appeal. After careful review, we grant counsel permission to withdraw and affirm the PCRA court's order.

On January 17, 2008, Appellant pled guilty to possession of a controlled substance with intent to deliver (PWID) and criminal conspiracy.[1] On the same day, the trial court sentenced Appellant to time served to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903(a).

twenty-three months' imprisonment to be followed by three years' probation. Appellant was granted immediate parole.

On November 4, 2008, Appellant pled guilty to charges related to the illegal possession of a firearm. As a result, on January 9, 2009, following a violation hearing, the trial court revoked Appellant's probation in this case and imposed a sentence of eleven and one-half to twenty three months imprisonment. Appellant did not appeal.

On September 29, 2014, Appellant filed a counseled PCRA petition, claiming that Appellant was entitled to a new trial based on after-discovered evidence that several officers involved in Appellant's May 2005 arrest were allegedly "indicted by the federal government on July 20, 2014 and charged with robbery, falsification of records, RICO, and related crimes." PCRA petition, 9/29/14, at 2. On November 20, 2015, the PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In the notice, the PCRA court asserted that Appellant's petition was facially untimely, did not properly invoke an exception to the PCRA time limitations, and warranted no relief due to the allegedly corrupt officer's minor level of involvement in the prosecution of Appellant's case. On February 2, 2016, the PCRA court denied Appellant's petition.

On February 10, 2016, Appellant filed this appeal. As Appellant filed a motion for the appointment of new counsel, the PCRA court appointed Jennifer Ann Santiago, Esq. to represent Appellant. On April 7, 2016, the PCRA court directed Appellant to file a concise statement of errors

- 2 -

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's counsel was granted an extension of time to file the concise statement, which was timely filed on May 10, 2016. In the concise statement, counsel indicated that she could find no non-frivolous claims to raise in this case and indicated that she would file a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Allen**, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

Before we proceed to review the merits of Appellant's PCRA petition, we must evaluate counsel's petition to withdraw her representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988)] and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)).

We note that Appellant's appointed counsel filed her petition to withdraw on the basis of frivolity pursuant to **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Although **Anders** briefs are filed by counsel who wish to withdraw on direct review, we will accept counsel's **Anders** brief in lieu of a **Turner-Finley** letter, as an **Anders** brief provides greater protection to criminal defendants. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

After reviewing the record and counsel's petition to withdraw, we find that PCRA appellate counsel has complied with the technical requirements of **Turner** and **Finley**, **supra**. In her appellate brief, PCRA appellate counsel detailed the nature and extent of her review, listed the issue which Appellant raised in his petition, and explained why she believed Appellant's petition was frivolous. Counsel indicated that after her own independent review of the record, she could not identify any meritorious issues that she could raise on Appellant's behalf. Moreover, counsel attached her letter to Appellant specifically indicating that she believed that the appeal was wholly frivolous for the reasons set forth in her brief and notifying him of his right to raise additional points for consideration by proceeding *pro se* or with the

assistance of privately retained counsel. *See Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa.Super. 2016) (citing *Commonwealth v. Friend,* 896 A.2d 607 (Pa.Super. 2006)). As counsel complied with the *Turner-Finley* requirements to withdraw her representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

In this case, the trial court sentenced Appellant on January 17, 2008. As Appellant did not file post-sentence motions or a direct appeal, his

sentence became final on February 16, 2008. *See* 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Thus, he had one year to file a timely PCRA petition by February 16, 2009. As Appellant filed this PCRA petition on September 29, 2014, over five years after his sentence became final, his petition is facially untimely.

In her appellate brief, counsel did not discuss the applicability of any of the timeliness exceptions, and Appellant did not do so in his original petition. We emphasize that "[t]he PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Commonwealth v. Jones*, 617 Pa. 587, 591, 54 A.3d 14, 17 (2012). Instead of addressing the timeliness of the petition, counsel addressed Appellant's claim that he was entitled to a new trial based on after-discovered evidence. Although the PCRA eligibility requirements encompass claims of newly available exculpatory evidence, the petitioner is first required to plead and prove the time-bar exception for the discovery of previously unknown facts under 42 Pa.C.S. § 9545(b)(1)(ii). *See Commonwealth v. Bennett*, 593 Pa. 382, 393-94, 930 A.2d 1264, 1270-72 (2007) (distinguishing the time-bar exception in Section 9545(b)(1)(ii) from the PCRA eligibility requirements listed in Section 9543(a)(2)(vi)).

Appellant's failure to plead and prove one of the timeliness exceptions would be sufficient grounds for the dismissal of his PCRA petition.

Even assuming Appellant pled and proved that a timeliness exception applies, the after-discovered evidence claim in his original petition is not sufficiently developed. While Appellant offers several names of officers he alleges were indicted on federal charges, he makes no attempt in his original petition to explain how these officers were involved in either of his two arrests and does not provide any more detail on the alleged indictments. As noted in *Jones*, *supra*, it is Appellant's burden to develop his claim with appropriate specificity. Therefore, even if Appellant met the newly-discovered fact timeliness exception, thus giving this Court jurisdiction, we find Appellant has waived his issue by neglecting to develop his petition with detailed facts, appropriate argument, and relevant authority.[2] *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa.Super. 2012).

Accordingly, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Petition to withdraw granted. Order affirmed.

---

[2] Moreover, our review of the record shows that confirms the shared assertion of the PCRA court, the Commonwealth, and defense counsel, that one of the allegedly corrupt officers, Brian Reynolds, only had a minor level of involvement in Appellant's case when he arrested Appellant's co-defendant. *See* N.T. Preliminary Hr'g, 11/16/06, at 28-34.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2016